NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2805

_____

MARIO HERNANDEZ-GONZAGA,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

_____

On Petition for Review of a Decision of the Board of Immigration Appeals
(A089-239-734)
Immigration Judge: Adrian N. Armstrong

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 16, 2025

Before: BIBAS, MONTGOMERY-REEVES, and AMBRO, *Circuit Judges*

(Filed: September 18, 2025)

_____

OPINION*

_____

BIBAS, *Circuit Judge*.

Usually, to get immigration relief, a refugee must be fleeing violence that is supported

or allowed by a government. Mario Hernandez-Gonzaga was not. He is an evangelical

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

Protestant and was a street preacher in his home country, Mexico. His preaching angered members of the Sinaloa drug cartel, who demanded that he "stop telling lies about a false God," threatened him, and beat him three times. AR 3. Their last beating broke his facial bones and nose and left him unconscious. So he entered the United States illegally in 2008, was removed to Mexico, and reentered this country illegally in 2009.

More than a decade later, Hernandez-Gonzaga was arrested here for driving under the influence of alcohol and cocaine. The government reinstated his removal order. He sought withholding of removal and protection under the Convention Against Torture. The immigration judge denied relief, finding that he had not shown "that the government of Mexico is either unable or unwilling to protect him." AR 69. On the contrary, "Mexican officials would likely investigate any threats of torture by private actors." AR 73. The Board of Immigration Appeals affirmed.

Because the Board both adopted the immigration judge's findings and discussed some of them, we may review both decisions but may consider only the Board's reasoning. *Saravia v. Att'y Gen.*, 905 F.3d 729, 734 (3d Cir. 2018). We review legal questions de novo and factual findings for substantial evidence, deferring to them "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Toussaint v. Att'y Gen.*, 455 F.3d 409, 413 (3d Cir. 2006), *as amended* (Sept. 29, 2006) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Both withholding of removal and relief under the Convention require showing persecution for which a government is somehow responsible. Yet Hernandez-Gonzaga alleges violence at the hands of a private drug cartel. For that private violence to amount to persecution, "the government must be complicit" in the cartel's actions. *Galeas Figueroa v. Att'y*

2

*Gen.*, 998 F.3d 77, 88 (3d Cir. 2021). To gauge complicity, courts can choose between two "legally equivalent" tests: Hernandez-Gonzaga must show that the Mexican government was unable or unwilling to control the Sinaloa cartel's violence, or that the government condoned or was completely helpless to protect him from it. *Id.* at 88–90. The immigration judge and Board applied the unable-or-unwilling-to-control test.

Hernandez-Gonzaga claims the government let the cartels "operate with impunity." Pet'r's Br. 32–33 (quoting AR 262, 395, 555). Yet the immigration judge and Board rejected that claim. They found that the Mexican government was both able and willing to control the Sinaloa cartel. That was the right legal standard.

And substantial evidence supports their factual findings: The Mexican government protects religious freedom. Violence against religious figures reflects generalized violence, not religion-based attacks. And the government has a policy of investigating violence against clergy. Though the Mexican government does not succeed in preventing or punishing all private violence, there was substantial evidence that it does enough to combat it.

For similar reasons, Hernandez-Gonzaga's Convention claim fails too. He never reported the beatings to the authorities, and he offered no other proof that they would not have responded if asked.

Hernandez-Gonzaga also asserts that the immigration judge "failed to meaningfully review swaths of admitted evidence favorable to" him. Pet'r's Br. 27. And he repackages this assertion as a due-process claim. But the evidence he cites is not relevantly favorable; it shows only general violence in Mexico, not that it is religiously motivated or that the Mexican government is complicit in it.

3

Because the violence Hernandez-Gonzaga fears is purely private, not instigated by or acquiesced to by the Mexican government, his claims fail. We need not review the risk of future violence or ask whether it would rise to the level of torture or persecution. We will thus deny the petition.